LUCILLE RUFUS TURNER V. STATE.

No. 26,787.  February 3, 1954.
Rehearing Denied March 31, 1954.
Appellant's Second Motion for Rehearing Denied
(Without Written Opinion) April 28, 1954.

*Jerome M. Smith*, and *Yelderman & Martin*, by *Wm. Yelderman*, Austin, for appellant.

*Wesley Dice*, State's Attorney, Austin, for the state.

WOODLEY, Judge.

The conviction is for violation of Art. 514 P.C.; the punishment a fine of $200 and 20 days in jail.

The sole question presented for review relates to the court's charge.

The trial court defined an assignation house as "a house, room and place where men and women - - - meet by mutual appointment - - - for the purpose of *unlawful* sexual intercourse."

Also, in applying the law to the facts, the charge required a finding that appellant kept a house where men and women met for the purpose of *unlawful* sexual intercourse.

Appellant sought to have the term "unlawful sexual intercourse" defined and tendered a charge defining said term as including only the elements of the offenses of adultery and fornication.

The statute under which appellant was prosecuted does not contain the word unlawful, but provides that an assignation house is one where men and women meet for the purpose of sexual intercourse.

Elsewhere in the charge, the trial court correctly charged the elements of the offense alleged which the state was required to establish, including the following.

"3. That said house was a place where men and women met by mutual appointment or by appointment made by another for the purpose of sexual intercourse."

There was no requirement in this part of the charge that the purpose of the men and women in meeting be unlawful sexual intercourse.

Viewing the charge as a whole and the evidence which is without dispute, we are unable to agree that appellant was prejudiced by the use of the words "unlawful intercourse" in the charge or by the refusal of the requested charge defining said term.

The sufficiency of the evidence is not questioned and need not be discussed further than to say we find it sufficient to sustain the conviction.

The judgment is affirmed.

### ON MOTION FOR REHEARING.

MORRISON, Judge.

Appellant conceded that the word "unlawful" preceding "sexual intercourse" was an unnecessary averment but contends that, since it was alleged, it became incumbent upon the state to prove it and claims that this was not done.

We now examine the evidence to determine if such proof was made.

The arresting officers testified that on three nights prior to the date charged in the information they had, from a vantage point, observed the house located at 909 East 12th Street. They stated that they saw couples enter the house, remain approximately an hour, and then leave, and that they had questioned some of the parties as they were leaving. They testified that on the night in question the appellant admitted them into her home and told them there was no one there, but that they had found Margaret Baker and Freddie Lee Clark therein. Each officer testified that the house in question bore the reputation of one where couples met for the purpose of sexual intercourse.

Freddie Lee Clark testified that he had taken Margaret Baker to the appellant's house on the night charged in the information for the purpose of having intercourse with her and had paid the appellant a dollar for the use of the room, but that the officers' arrival frustrated his mission. Clark stated that

before admitting the officers appellant told him to get in bed and tell the officers that he was her cousin.

William J. Rutledge testified that sometime before the night in question he had taken Ophelia Thomas to the house at 909 East 12th Street, that a woman admitted them and for a dollar rented them a room where they had an act of intercourse.

Willie Mae White testified that she and Eddie Webster had gone to a house on 12th Street, that the appellant admitted them and that she and Webster had had an act of intercourse in the house.

Marie Bell testified that she had gone to appellant's home with Ray Carter, and Carter made an attempt to have intercourse with her but was unable to do so because he had drunk too much gin.

Appellant did not testify in her own behalf, but offered witnesses as to her good reputation.

We think the foregoing clearly proves that unlawful sexual intercourse had taken place in appellant's home with her knowledge.

Remaining convinced that we properly disposed of this case originally, appellant's motion for rehearing is overruled.